NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

06-990

MICHAEL J. MESTAYER

VERSUS

MICHAEL J. DETRAZ, JR.

**********
APPEAL FROM THE
ABBEVILLE CITY COURT
PARISH OF VERMILION, NO. 13889
HONORABLE CRAIG STEVE GUNNELL, CITY COURT JUDGE

**********

ULYSSES GENE THIBODEAUX
CHIEF JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, and Elizabeth A. Pickett, Judges.

AFFIRMED.

Anthony Jerome Fontana, Jr.
210 North Washington Street
Abbeville, LA 70510
Telephone: (337) 898-8332
COUNSEL FOR:
        Plaintiff/Appellant - Michael J. Mestayer

Calvin Eugene Woodruff, Jr.
Cooper & Woodruff
111 Concord Street - Suite A
Abbeville, LA 70510-4617
Telephone: (337) 898-8530
COUNSEL FOR:
        Defendant/Appellee - Michael J. Detraz, Jr.

**Thibodeaux, Chief Judge.**

## <u>MEMORANDUM OPINION</u>

Plaintiff, Michael Mestayer (Mr. Mestayer), appeals the judgment of the trial court dismissing his personal injury claim against the defendant, Michael Detraz (Mr. Detraz), based on injuries inflicted against him by Mr. Detraz in a barroom fight. The trial court, in its written reasons for judgment, ruled that the injuries were based on actions that constituted self-defense on the part of Mr. Detraz and were, therefore, justified. For the following reasons, we affirm the judgment of the trial court.

I.

## <u>ISSUE</u>

Did the trial court commit manifest error by finding that Mr. Detraz acted in self-defense and, therefore, his actions which caused injury to Mr. Mestayer were reasonable and necessary?

II.

## <u>FACTS</u>

A fight occurred between Mr. Mestayer and Mr. Detraz at a bar in Abbeville, Louisiana on February 6, 2004. Mr. Detraz claims that Mr. Mestayer had been offensive and abusive to his wife, Gabrielle Detraz, for a number of hours before the altercation took place. Mr. Mestayer admits that he had been drinking, and witnesses testified that he was so intoxicated by the time the fight ensued that he had trouble standing. Both parties agree that the only person who actually threw any punches was Mr. Detraz.

Mr. Detraz intercepted Mr. Mestayer as he seemed to be attempting to follow Mr. Detraz's wife into the ladies' restroom. Mr. Detraz claims that Mr. Mestayer made a verbal threat against both him and his wife. Mr. Detraz hit Mr.

Mestayer twice with a closed fist causing injuries which required medical treatment. Mr. Mestayer filed a personal injury claim against Mr. Detraz. In answer to that claim, Mr. Detraz claimed that his actions constituted self-defense.

The trial court dismissed Mr. Mestayer's claim with prejudice, stating that the use of force by Mr. Detraz was in self-defense as it was reasonable and necessary under the circumstances because Mr. Mestayer was intoxicated, threatening, aggressive and belligerent in his actions toward Mr. Detraz and his wife. Mr. Mestayer timely filed this appeal.

III.

## LAW AND DISCUSSION

### Standard of Review

The determination of fault in a tort claim is based on factual conclusion by the trial court. An appellate court may not reverse those factual determinations unless they were clearly wrong or contain manifest errors. *Landry v. Bellanger*, 02-1443 (La. 5/20/03), 851 So.2d 943, *Arceneaux v. De La Rosa*, 04-1057 (La.App. 3 Cir. 12/8/04), *writ denied*, 05-80 (La. 3/18/05), 896 So.2d 1009.

A defendant facing an intentional tort claim has available the complete defense that his or her actions were privileged or justified, as in the claim of self-defense, thereby proving that he or she is without fault. *Landry v. Bellanger*, 851 So.2d 943. The trial court correctly laid out the two-part analysis required when a defendant invokes the defense of self-defense. "The issue brought forth in these proceedings requires a dual inquiry, an objective inquiry into whether the force used was reasonable under the circumstances and a subjective inquiry into whether the force was apparently reasonable." This summation is based on Louisiana statute and jurisprudence.

2

§ 19.  Use of force or violence in defense

> The use of force or violence upon the person of another is justifiable, when committed for the purpose of preventing a forcible offense against the person or a forcible offense or trespass against property in a person's lawful possession; provided that the force or violence used must be reasonable and apparently necessary to prevent such offense, and that this article shall not apply where the force or violence results in a homicide.

La.R.S. 14:19.

> Under Louisiana jurisprudence, in order to succeed on a claim of self-defense (not involving deadly force), there must be an actual or reasonably apparent threat to the claimant's safety and the force employed cannot be excessive in degree or kind.  Robertson, *The Aggressor Doctrine*, 1 S.U. L.Rev. at 90.  The privilege of self-defense is based on the prevention of harm to the actor, not on the desire for retaliation or revenge, no matter how understandable that desire.  *Id*. at 84.

*Landry* at 955.

The plaintiff presented two witnesses other than himself, and evidence of his injuries during the trial on the matter.  The defendant presented three witnesses other than himself.  The witnesses talked about the behavior of both men on the evening of the altercation.  Both Mr. Mestayer and Mr. Detraz testified as well.  A number of witnesses stated that Mr. Mestayer had been harassing Mr. Detraz's wife on the night of the altercation.  When Mr. Detraz asked to him to stop bothering his wife, Mr. Mestayer made a threatening statement directed at both Mr. and Mrs. Detraz, e.g., I'll slap you and your bitch."  Testimony also indicated that Mr. Mestayer had grabbed Mrs. Detraz's buttocks on the dance floor.

The trial court made the following conclusions in its written reasons for judgment, based on hearing all of the testimony and reviewing all of the other evidence presented at trial:

After the testimony and briefs submitted, the Court finds that plaintiff, Michael J. Mestayer, was intoxicated, threatening, aggressive and belligerent in his actions towards Michael J. Detraz, Jr. and his wife, Gabrielle Detraz, at Culpepper's Lounge and later at Abbeville General Hospital; therefore, the actions of the defendant, Michael J. Detraz, Jr., were apparently necessary and the force used by him was reasonable under the circumstances.

It is clear that the trial judge believed Mr. Detraz, and that he determined that Mr. Detraz's actions were reasonable under the circumstances. The trial court believed, and the record substantiates, that Mr. Mestayer was the aggressor and that Mr. Detraz was acting in self-defense. Not only was the force used reasonable but Mr. Detraz was not the aggressor. "[N]othing prevents a trier of fact from determining that the plaintiff's conduct was of such a provocative nature as to render it the sole cause of his injury." *Landry v. Bellanger*, 851 So.2d at 955.

IV.

**CONCLUSION**

We have carefully reviewed the record and find no error in the judgment of the trial court. The judgment of the trial court dismissing Mr. Mestayer's personal injury claim against Mr. Detraz, with prejudice, is affirmed. All costs of this appeal are assessed to defendant, Michael Detraz.

**AFFIRMED**.

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3, Uniform Rules—Courts of Appeal.

THIS OPINION CONFORMS WITH URCA Rule 2.16.1.B.

4